**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4600**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

COMFORT AMA NYADZOR,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas David Schroeder, District Judge. (1:10-cr-00329-TDS-1)

Submitted: March 19, 2012    Decided: March 30, 2012

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina; Tiffany D. Chadwick, WAKE FOREST UNIVERSITY SCHOOL OF LAW, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Randall S. Galyon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Comfort Ama Nyadzor pled guilty to possession with intent to distribute heroin and was sentenced to eighty-seven months in prison. She now appeals her sentence, raising two issues. We affirm.

I

We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. We first determine whether the district court correctly calculated the defendant's advisory Guidelines range, considered the applicable 18 U.S.C.A. § 3553(a) (West Supp. 2011) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). If the sentence is free of procedural error, we then review the substantive reasonableness of the sentence. Id.

II

Nyadzor claims, as she did in the district court, that she was entitled to application of the safety valve. See 18 U.S.C. § 3553(f) (2006); U.S. Sentencing Guidelines Manual

2

§ 5C1.2 (2010). The safety valve directs district courts in limited circumstances to impose a sentence pursuant to the Sentencing Guidelines regardless of any statutory mandatory minimum sentence. See 18 U.S.C. § 3553(f).

The safety valve applies only when certain requirements are met. Among these is that the defendant "truthfully provided to the Government all information and evidence the defendant has concerning the offense." 18 U.S.C. § 3553(f)(5); USSG § 5C1.2(a)(5). With respect to this requirement, "[t]o carry [her] burden, the defendant must persuade the district court that [s]he has made full, truthful disclosure of information required by the safety valve." United States v. Aidoo, ___ F.3d ____, ____, 2012 WL 641026, at *5 (4th Cir. Feb. 29, 2012). The safety valve "requires broad disclosure from the defendant; it is a tell-all provision that requires the defendant to truthfully supply details of [her] own culpability." Id. at *7. Because a district court's decision regarding eligibility for the safety valve presents a question of fact, we review that decision for clear error. United States v. Wilson, 114 F.3d 429, 432 (4th Cir. 1997).

The district court did not clearly err in denying Nyadzor's request for application of the safety valve. Testimony at the sentencing hearing established that Nyadzor was not entirely truthful with the Government. She was not, for

3

instance, forthcoming with information about certain individuals whose telephone numbers were stored in her cell phone. Investigation revealed that several of these individuals were involved in ongoing drug investigations; one had been arrested in Delaware on heroin charges. Additionally, she did not disclose the true sources of a large amount of cash discovered at her residence. The money was bundled in a manner consistent with drug dealing.

III

Nyadzor claims that her sentence was unreasonable. Because she was sentenced within her properly calculated Guidelines range of 87-105 months, we afford a presumption of reasonableness to the sentence. See United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); Rita v. United States, 551 U.S. 338, 347 (2007). After reviewing the record, we conclude that Nyadzor failed to rebut this presumption. Specifically, we reject her contention that the sentence was unreasonable because she almost qualified (having met four of the five requirements) for application of the safety valve. We also find meritless her contention that she was unable to meet the Government's expectations of cooperation because of mental and emotional illness. Nothing in the record supports a finding that she had any mental problem that would have impacted her ability to

4

comprehend either the need to cooperate fully or her ability to so cooperate.

IV

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED